**FILED**

**NOT FOR PUBLICATION**

**FEB 27 2007**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSE GUADALUPE PALAFOX-BARAJAS, aka Guadalupe Jose Palafox,<br><br>Defendant - Appellant. | No. 06-10223<br><br>D.C. No. CR-04-00072-DAE<br><br>MEMORANDUM* |
|---|---|

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted February 20, 2007**

Before:    BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

Jose Guadalupe Palafox-Barajas appeals from the 60-month sentence imposed following his guilty plea to illegal reentry into the United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

we affirm.

Palafox-Barajas contends that the district court violated his Sixth Amendment rights pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by applying a 16-level enhancement based on his prior drug trafficking conviction. We reject this contention. *See United States v. Rodriguez-Lara*, 421 F.3d 932, 949-50 (9th Cir. 2005) (affirming the continuing validity of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and rejecting a constitutional challenge to § 1326(b)).

He further contends that the district court committed *Apprendi* error in computing his criminal history score by not finding the fact of his prior sentence beyond a reasonable doubt. However, this contention lacks merit. *See United States v. Martin*, 278 F.3d 988, 1006 (9th Cir. 2002) ("*Apprendi* expressly excludes recidivism from its scope. Defendant's criminal history need not be proved to a jury beyond a reasonable doubt.").

He also contends that the district court was required to take judicial notice of the court documents in the presentence report ("PSR"), which were relied upon in order to determine the facts of his prior convictions. He contends that the modified categorical approach under *Shepard v. United States*, 544 U.S. 575, 602 (2005), prohibited the court from relying on unsubstantiated priors in the PSR, to

2

find the length of his sentence or calculate his criminal history score.

We reject these contentions. The record reflects that Palafox-Barajas admitted to having committed a previous drug trafficking offense and only disputes the length of his prior sentence and his criminal history score. These facts are independent of the categorical or modified categorical analyses. *See United States v. Ellsworth*, 456 F.3d 1146, (9th Cir. ) ("The Taylor problem does not arise when dealing with such criminal history facts because they are independent of the nature of the underlying offense."). Thus, the district court was entitled to rely upon the undisputed statements in the presentence report, which specified the relevant statutes of conviction, in determining these facts. *See id.* at 1152; *see also United States v. Romero-Rendon*, 220 F.3d 1159, 1161-62 (9th Cir. 2000). Accordingly, we reject this contention.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 21 2007

by: [signature]
Deputy Clerk

3