ORIGINAL

Name: Jose Guadalupe Palafox
Reg, No. 52351-198
California City Correctional Center.
P.O. Box 3001-0001
California City CA, 93504.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 2 2007

at 4 o'clock and 15 min P M
SUE BEITIA, CLERK

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII.</u>

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff- Appellee,<br><br>vs.<br><br>JOSE GUADALUPE PALAFOX,<br>Defendant- Appellant. | Case No. CR-04-00072-DAE<br>Case CV NO. CV07-00324 DAE BMK<br>To be provide by the Clerk.<br>MOTION TO VACATE SET ASIDE<br>OR CORRECT SENTENCE BY A<br>PERSON IN FEDERAL CUSTODY.<br>(28 U.S.C. §2255) |

**(A);**          <u>ISSUES PRESENTED FOR REVIEW.</u>

(1); Wheter supervised release was properly revoked when the government did "not provided" with the condition that, Mr, Palafox was charged with violating.

(2); Wheter the district court "had jurisdiction" to revoke, Mr, Palafox, supervised release term.

(3); Wheter the imposition of provation/supervised release was proper when the relevant statue 8 U.S.C Does not mandate the imposition of separate sentence.

**(B);**          <u>STATEMENT OF THE CASE.</u>

Comes now, the petitioner Mr, Palafox, in Pro-se.
And respectfully moves this honorable court to grant this motion in the interest of justice, and pursuant to all the applicable laws, and rules of the United States of America.

(1); This petition is from the conviction and sentence imposed On, March 20, 2006, to Mr, Palafox in the United States District Court for the District of Hawaii.

(2); Petitioner Mr, Palafox, is looking for a reduction of his sentence for the judgement imposed on; March 20- 2006, by the honorabel judge; David Ezra, for the District of Hawaii, Under Case No. CR-04-00072-DAE, having original juisdiction over criminal offence against the United States; <u>Violation of Standard condition "ONE", of supervision.</u>

(C).    BASIS FOR JURISDICTION IN THE COURT OF APPEALS

(1).  This court has jurisdiction to review any final decision of the district court under 28 U.S.C. 1291.

(2).  This court has jurisdiction over an appeal taken for a final-order entered within the __9th__ circuit geographical jurisdiction, under 28 U. S. C. § 1291 and 1294 (1).

(3).  The district of __HAWAII__ is within the __9th__ circuit's geographical jurisdiction. see, 28 U. S. C. §§ 41, 84.

(D).    THE JUDGEMENT IS APPELABLE

(1).  A judgement of comviction in a federal criminal case is, a final decision, subject to appeal under; 28 U.S.C. 1291.

(2).  A __movant__ may also seek "appellate review" of an otherwise final sentence inposed by the district court under, 18 U.S.C. § 3742(a).

(E).                    STATEMENT OF FACTS

1. Comes now the defendant Mr. __PALAFOX_____ in Pro-se, and respectfully moves this honorable court to grant this motion in the interest of justice, and pursuant to all of the applicable laws and rules of the United States.
And in support thereof the defendant would show this honorable court as follows;

2. - This motion is in opposition of the (Revocation Petition) and (Warrant for Arrest) filed in the district of __HAWAII_____ Stating the following violation;

Allegation ; Violation of Standard Condition 1:
You shall not Commit another Federal, State, or local crime during the term of Supervision.  Grade B Violation § 7B1.1(a)(2).

3. Petitioner Mr ____PALAFOX_____, respectfully moves this honorable court to dismiss the alleged violation, arguing that the supervised release should not be revoke because he did not received the proper proceedings, directions, stateing all the conditions to-which the term of supervised release is subject to in accordance with the obligations on probation officers, required by statute.

4. -Petitioner rais three objections to the revocation of supervised-release, alleged in the (Revocation Petition), and (warrant for arrest).

(F).                SUMMARY  OF  ARGUMENT

1.-         Mr    PALAFOX         , did not reseived the proper notice of supervised release conditions.
In accordance to Sec. 18 U.S.C. 3583(f).
It has been determine whether revocation of supervised release is an abuse of discretion when defendant received no notice, written or oral, that he was subject to standard condition one. Cf. United States v. Foster 500 F.2d 1241,1244.(9th Cir. 1974). (where defendant "was not informed in any way" that certain duties were conditions of his provation.

Government's failure to comply with those duties could not "be a predicate for revoking provation / supervised release.

2. - 18 U.S.C. § 3603 Imposes a number of obligations on provation officers.
18 U.S.C. § 3603 (1). Is clear and unambiguos and provides specific directions to provation officers. This statutory obligation is reinforced by 3583(f).

3. -In addition Mr.    PALAFOX        , contends that the district court lacks jurisdiction to revoke his supervised release, because the warrant pursuant to which he was arrested was not "SUPPORTED BY  OATH OR AFFIRMATION", as require by the fourth Amendment's warrant clause, United States v. Vargas Amaya 389 F.3d 901. (2004).

(C).-                         ARGUMENT


I; Petitioner Mr. __PALAFOX__ Argument is that his supervised release **SHOULD NOT HAVE BEEN REVOKED BECAUSE:**

(1); The goverment did not produced sufficient evidence that he violated standard condition "**ONE**" and;

(2); He did not reseived the conditions of supervised release in writting as mandated by **18 U.S.C.§3583(f)**

"3583(f)." The court shall direct the provation officer provide the defendant with a written statement that sets for all the conditions to which the term of superviced release is subject, and that is "sufficiently clear" and "specific to serve as a guide for thedefendant's conduct and for such supervision as is required.

II; Petitioner Mr. __PALAFOX__ Contends. the district court decision, under Vargas Amaya **389 Fed.3rd. (901 9th Cir. 2004).** The district court lakes jurisdiction to revoke his supervised release, because the warrant pursuant to which Mr. was arrested, was not supported by oath or affirmation, as required by the fourth amendment's warrant clause **3583(i).**

(1) Vargas Amaya suggest that the requirement of the warrant clause apply even an arrest occurs during the term of supervised release. See Vargas Amaya **389 F. 3rd. at 905.**

(2).- Warrant clause creates a jurisdictional defect where revocation occurs before exparation of the supervised release term.

(3)- District court jurisdiction to revoke supervised can be extended beyond the term of supervision under **§3583 (i)** "Only if the warrant was issued upon probable cause," suported by oath or affirmation as required by the "Fourth Amendment". Vargas Amaya **389 F.3rd. at 907.**

III.- Petitioner challenges the revocation of his supervised release as an abuse of discretion.

(A).- Mr. PALAFOX received no notice written nor oral that he was subject to standard condition ONE. See United States V. Foster 500 . F.2nd 1241-44 (9th cir. 1974). Where defendant was not informed in any way that certain duties where conditions of his provation. his failure to comply with those duties could not be a predicate for revoking his provation.

(B).- 18 U.S.C § 3603 Imposes a number of obligations on provation officers. Including subsection (1) which provides in **MANDATORY** lenguage that a probation officer shall instruct a probationer or person on "supervised release" who is under his supervision, as to the conditions spesified by the sentencing court and provide him with a written statement clearly stting for all such coditions.

(C).- This statement is clear and un anambiguous and provides specific direction to provation officers. This statutory obligation is reinforced by **18 U.S.C 3583(F)** Which imposes a similarly clear obligation on district courts.

(D).- 18 U.S.C.§ 3583(F). Obligation of probation officers to provide defendant with a written statement that sets for all the conditions to which the term of superviced release is subject.

VI.- Petitioner Mr. PALAFOX claims that he was never given written nor oral notice, of his supervised release Mr. PALAFOX advice this honorable court to review the sentencing transcript to confirm this claim. See United States ex rel. Robinson Rancheria citizens counzil V. Borneo, inc. 971 F.2nd 244,48 (9th, cir 1942). We should take notice of proceedings in other courts,both within and withour the federal judicial system, if those proceedings have a direct relation to matters at issue. (Quouting. St. Louis Baptist temple, inc. V.FDIC. 605 F.2nd 1169,1172.) (10th .Cir 1979).

## CONCLUSION

I.- The higher court holds;
Failure to provide the statutorily requirements "as written notice" will be tolerated **"ONLY"** When the government proves that defendant reseived actual notice of the very condition that he is charged with, violating.

II.- On the basis of the foregoing, Mr. PALAFOX respectfully request this court to vacate his sentence.

8 U.S.C. § 1326 DOES NOT MANDATE THE IMPOSITION OF THAT SEPARATE SENTENCE.

An in support thereof, the petitioner would show this honorable court as follows;

(1).- The imposition of supervised release is not mandated by the fact of imprisoment, or the fact of the comviction.
8 U.S.C. § 1326, authorizes imprisonment and/or a fine. it is irrelevant whether the term of imprisonment is two , ten or twenty years, because non of these sections authorize the imposition of supervised release.

Section 3583 (a); Provides, the court in imposing a sentence of imprisonment for a felony or misdermeanor, MAY in conclude as a part of the sentence a requirement that the defendant be place on a term of supervised release after imprisonment, exept that  the court shall include as part of the sentence a requirement that the  defendant be-placed on a term of supervised release ONLY IF SUCH TERM IS REQUIRED BY STATUTE or if the defendant has been comvicted for the first time of DOMESTIC VIOLENCE CRIME as define in section 3561(b);

Even before the Supreme Court's decision in BOOKER the court could depart from the Guidelines and NOT IMPOSE A TERM OF SUPERVISED RELEASE if it determines that Supervised Release neither REQUIRED BY STATUTE nor required for any of the following reasons: (1) to protect the public welfare; (2) to enforce a financial condition; (3) to provide drug or alcohol treatment or testing; (4) to assist the reintegration of the defendant into the community or (5) to acomplish any other sentencing purpose AUTHORIZED BY STATUTE the only requirement that may apply is the first of the requirements TO PROTECT THE PUBLIC WELFARE and no other. It is respectfully submitted that the other requirements do not apply to Section 1326 or Section 1325 cases, because illegal re-entry, or being found in the United States, or attempted re-entry into the United States is not a VIOLENT CRIME. It is only made serious because of the penalties imposed for the violation of the statute. And in fact being illegal in the United States is a MALA PROHIBITA  it is like runing a stop sign, or a red light while driving a vehicle, the violator does not even have to be aware that he is commiting a crime.

In addition to the aboved, the USSG Section 5B1.3(d)(6) requires that the government and the defendant make a stipulation of deportation in the plea agreement pursuant to 8 U.S.C. Section 1228(c)(5) or (B), in order for the court to impose any supervised release sentence. In the absence of a stipulation of deportation if, after notice and hearing pursuant to such section, the attorney general demonstrates by clear and convincing evidence that the alien is deportable, a condition ordering deportation by a United States District Judge.

In United States v. Liero, 298 F.3d 1175 (9th Cir. 2002), Liero argued that the District Court was not authorized to impose Supervised Release in the first place and so lacked authority to punish him for violating its terms. Id at 1176.

2). Pursuant to Apprendi, Supervised Release may no be imposed solely upon the fact of a conviction, or upon the imposition of imprisonment. Rather, before Supervised Release is authorized, Section 3583(c) **MANDATES** that the District Court consider specific sentencing factors. Thus, Supervised Release may only be impo ed after an additional sentencing hearing at which the district court considers relevant factors and then increase/imposed this penalty A term of Supervised Release becomes an authorized sentence only if there are judicial-not jury-findings of the relevant sentencing factors. Hence, congress intended precisely that which has been prohibited by Apprendi: "[The] legislature remove[d] from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed". 530 U.S. at 490.

Furthermore, even if the defendant pleaded guilty to the charge the defendant can still challenge the illegal imposition of the Supervised Release. SEE U.S. V. BARAMDYKA, 95 F3d 840,843 (9th Cir. 1996) (authorizing defendant to challenge illegal sentence despite plea agreement to contrary). And District Court lacks jurisdiction to revoke defendant's supervised release under statute allowing a district court to revoke supervised release beyond the term of supervision, based upon a warrant issued during the term of supervision, where the issuance of bench warrant for defendant's alleged violations of supervised release was based upon unsworn allegations SEE UNITED STATES V. VARGAS-AMAYA, 389 F.3d 901 (9th Cir. 2004).

GROUND ONE - Sentence is invalid because it violated petitioner's rights. Judge used a preponderance of evidence method to convict petitioner. The prosecutor <u>must prove to a jury</u> all facts legally essential to the punishment with all safeguards of the constitution or admitted by the defendant in the plea agreement or the plea colloquy. USSG requires finding of facts essential to the punishment if not done via a jury - the sentence violates recently upheld constitutional standards. Petitioner was not found guilty by jury of his peers - nor were any facta assesssed - or deliberated by jury discussing elements, sentencing factors, departures, ect. <u>Additional factfinding by the court without jury involvemement is a clear violation of known standards.</u>

The use of a Criminal History category greater than level one at sentencing violates the principles imposed in <u>Blackely</u> and upheld 1/12/2005 in the Booker decision. Criminal history categories are determined using hearsay laden presentence report prepared by U.S. Probation, using a preonderance of evidence method, presumptive and assumptive logic and obviously based statemnnte not vertified, or proven to be factual by a grand jury/jury. Other than the fact of a prior conviction, any fact that increases the penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. Criminal History is a senntence enhancement factor which must go to a jury.

Criminal history and PSF/PSR'S violates Sixth Amendment rights without a jury involvement clarifying the Sixth Amendment rights to confrontation with respect to hearsay testimony used in the case. It precludes the admission of hearsay statements implicating the defendant in a criminal proceeding unless the prosecution demostrares the statements possess "adequate indicia of reliabilility. Petitioner must be able to cross examine all witness testimonials/declarartionsused in sentencing/petitioner never admitted never admitted the truth of the information contained within his presentence reports, never admitted in the court the facts alleged in the report. The reports themselves were never read by the judge to him during the plea colloquy. The Sixth and 12th Amendments guarantee a jury standing between a defendant and the power of the State, and jury's finding of any disputed fact essential to increase the cieling of a potencial sentence. "A defendant choice to plead guilty will not alone support conviction, the defendant's guilt in fact must be established". "it is imperative that the protections of the individual afforded by notice, trial by jury, and beyond a reasonable doubt requirements". Undisputed erroneous calculation of petitioner's criminal history resulted in fact findings & sentence enhancements.

The framers of the constitution understood the threat of judicial despotism that could arise from arbitrary punishment upon arbitrary convictions without the benefit of a jury.

GROUND TWO - 18 USC §3583 was rendered unconstitutional per "Blakely" since 2004 upheld 1/12/05 and additionally was facially unconstitutional under "Apprendi"
Supporting facts: Violates 5th, 6th, and 14th amendment. All factors A - C violate "Apprendi" open to collateral attack (
3583 violates the 5th and 6th amendment prohibition against legislatively removing from the jury the assessment of facts that increases the prescribed range of penalties to which a criminal defendant is exposed. 3583(c) states "Supervised release may only be imposed after the district court considers additional-factors" sentence "other than the fact of a prior conviction, any fact that inreases the penalty for a crime beyond the prescribed statutory max must be submitted to a jury, and proved beyond reasonable doubt. A case announces a new rule if result was not dictated by precedent existing at the time the defendant's conviction became final" "Booker" does not save section 3583 from unconstitutional.

GROUND THREE - 18 USC §3583 is unconstitutional because it authorizes increases in punishment for supervised release violations based on judicial fact finding by a preponderance of evidence in 5 parts.
Supporting facts: 1) That the district court determined facts nor admitted by petitioner, nor proven to a jury beyond reasonable doubt, other than the fact of a prior conviction when determining a criminal history.
2) Violates "Blakely" by using criminal history points - factoring "elements" and sentencing factors illegally determined without protection of constitutional amendments clause. 3) Prosecution used as evidence to convict petitioner a presentenc report, and court-obtained their conclutions reflecting the layers of hearsay contained within. 4) Use of the above factors and elements results in a violation of the Federal Confrontation Clause of the 6th amendment, nor were the facts charged in the indictment. 5) That the cumulative errors deprived petitioner of due process to right to a fair trial.

GROUND FOUR - That the USSG mandate in USSG §5D1.1(a) of the imposition of supervised release for sentences cannot override the mandate of 18USC 3583(c) in which supervised release was imposed.

Supporting facts: And with USSG 4A1, 1, 2 ect. increases range of prescribed penalties without due process and allows for factors not charged in the indictment. 2) An indictment may not be broadened by amendment either literally or constructively except by the grand jury - rendering imposition of supervised release unconstitutional, illegal and moot. 3) Upheld 1-12-05 blakely does address that related cases addresses the Grand Jury right. 4) All USSG statutes rely on 3583 for imposition and revocation of supervised release and therefore must be amended to not include the illegal 3583 statute. 5) Guidelines used to factor and determine supervised release along with alleged sentencing factors were declared unconstitutional in june, 2004 and became advisory in 1-12-05. Rendering moot the supervised release attached to inclusive of and part of petitioner's sentence and need be severed.

GROUND FIVE - That the illegally imposed supervised release prejudices petitioner should it be revoked in the future. In five parts violates due process clause of the 5th amendment.

Supporting facts: 1) An unconstitutional statute is void and is at no law. 2) If imposition of supervised release was in error in the first place - then District Court has no jurisdiction to revoke supervised release. 3) The max term of imprisonment does not authorize the district court to impose an additional term of custody after the defendant has served his original sentence. The term of supervised release provides the sole basis for the district court's order reimprisoning a defendant, and because that term was imposed unconstitutional, the district court lacks jurisdiction to order a second custodial sentence. 4) Overall once defendant is convicted, pleads guilty, and discharges his custodial sentence, district courts sole authority to reimprison him derives from 18USC §3583. The constitutionality of the statute affects the whole procedings. 5) Automaticall creates a "double jeopardy" situation by allowing the underlying (original) offense to be used in any and all revocation procedings as the basis of enhancement

GROUND SIX - Petitioner's guideline sentences are erroneous and should result in a remand/resentence even on plain error. Sentence of petitioner violated recently upheld constitutional standards. Petitioner was not sentenced solely on a guilty verdict. "The court should impose a sentence of the kind and within the guideline range is incompatible with the constitutional holding of 1-12-05.

GROUND SEVEN - Petitioner was imprisoned based upon acharge He Plead Guilty or nolo contendere for the "alleged" underlying offense, instead to go to trial and was given supervised release. The Fact he went to entering a Plea Agreement instead to go to trial "does not deprive him of that vested right." This sentence is illegal because it violates the 5TH and 6TH amendment requiring a jury not a judge to find sentencing facts- the concerted actions of the statutes used, the operative Guidelines and the relevant rule of criminal procedure resulted in Unconstitutional Judicial Factfinding. An Unconstitution Statute is void and is as "no law" for each matter controverted or used in hearsay to convict petitioner, the court must make either a finding on the allegation or a determination that no finding is necessary, as the controverted matter will not be used, or will be used ect...The judge found the facts by preponderance of evidence, rather than beyon a reasonable doubt, and on the basis of these findings without an evidentiary hearing, or confrontation.

The Judge imposed sentence, depriving the petitioner of liberty and Due Process.

The Constitution prohibits allowing a judge alone to make a finding that raises a sentence that could have lawfully been imposed by reference tofacts found by ajury or admitted by defendant.

The Constitution mandates a jury by peers to consider and deliberate the relevant factors to assess guilt before a sentence can be imposed. An offense sentence by an Unconstitutional proceeding process or law is not a crime; A conviction under it is not merely erroneus, but is Illegal and void, and cannot be a legal cause of imprisonment.

he standar of prooof is a burden placed in the governement. Additionaly he record is silent as to what factors under §3583 (IF ANY) the district court found towarrant the imposition of supervised release. §3583 states that the Court at the time of sentencing shall state in open Court the reason for the imposition of a Particular sentence, when the record is silent, the record is unclear for the Court to review whether the district Court abused its discretion when imposing supervised release. 9th circuit law/opini States supervised release is Part and Parcel of the original sentnce and is a sentence itself, since the jury did not make the Decision or find the Facts Necessary -it is illegal, void. and moot.

"Accusation which lacks any particular facts which the law makes essential to the punishment is...no accusation within the reqairements of the common law, and is no acussation in reason". March 07,2005 Reginal Shepard SUPREME COURT NEW PRESEDENT[Court bans unproven evidence in a sentencing]

GROUND EIGHT  1) Petitioner Charged/convicted without the specifics stated in the Indictment.   2) Cumulative error.
Supporting facts:  As to what the relevant conduct is or what the criminal action was-that in fact was "alleged" committed by the petitioner -as the "alleged" underlying offense He Plead Guilty or nolo contendere instead to go to trial.  The Fact that He went entering a Plea Agreement instead to go to trial "does not deprive him of that 'vested right' ". This also caused and causes a violation against Double Jeopardy.    All of the "offense/violation must be stated specifically and implicitly and indictment.
2) Cumulative error deprived petitioner the right (due process) to a fair Tri

GROUND NINE. -Prosecutorial misconduct/misrepresentation of evidence and violation of "Brandy".

SUPPORTING FACTS.-Prosecution suppressed material evidence favorable to the defence. Thereby holding back "Brandy" material from the defence. Specific "hearsay" testimonial evidence was not cross examined and this evidence used by the prosecutor was flagrantly and blantantly misrepresented causing the petitioner harm and prejudice not allowing the petitioner the right to a fair and impartial prosecution disclose to defense, evidence that both favorable to discuss and material to guilt or punishment; 6th Amendment confrontation clause violated here.

GROUND TEN.- As appropiate just was not conclusive in this Case.

SUPPORTING FACTS: (1).- Court never proved petitioner"s behavior was not aberrant behavior.

(2).-All factors of 18 U.S.C. § 3553 were not indicated used or discussed in fashioning an appropriate and a just sentence in this case. The factors are necessary in the "proper" adjudication of case.

(3).-Petitioner original Charge Title 8 U.S.C. § 1326(a) does not warrant an enhancement of criminal category even if it had been found relevant via jury.

## CONCLUSION

- For the reasons set forth in this petition/motion petitioner **PALAFOX** repectfully request this Honorable Court to dismiss his charge of Supervise Release Violation.

BP-S757.013 INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF
AUG 02      PRESENTENCE REPORT AND/OR STATEMENT OF REASONS   CDFRM
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in the following current cause of action or appeal (indicate current case caption, docket no., judicial district, etc.):


My current cause of action or appeal is (check all that apply):

____ A direct appeal of my original criminal conviction or sentence (filled with the U.S. Court of Appeals);

__X__ An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or appeal of its denial, regarding my criminal conviction or sentence (filled with sentencing court or U.S. Court of Appeals); or

____ Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc. (describe):

As part of my current cause of action or appeal, I request the court consider my Pre-Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where necessary, from my underlying criminal case, described as follows (indicate underlying criminal case caption, docket no., judicial district, sentencing judge and date, etc.):


This form is for informational and notification purposes, and is not intended to create a new procedural requirement for inmates, courts, or clerks.

Respectfully submitted:

| Inmate Signature *[signature]* | Inmate Printed Name<br>JOSE   GUADALUPE  PALAFOX |
|---|---|
| Reg. No.<br>52351-198 | Date Signed<br>6-01-07 | Institution Address<br>California City Correccional-Center/P.O. Box. 3001-0001<br>California City CA. 93504. |

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal judgements. This form is for you to ATTACH to any court action where, as part of your cause of action or appeal, you request the court to consider your PSR or SOR. Complete this form as indicated, and submit it as an ATTACHMENT to your pleading to the court considering your current cause of action or appeal. This form is not a pleading, but an ATTACHMENT requesting the court obtain and consider your PSR and/or SOR when needed. You only need this form when your cause of action involves the PSR or SOR. Be sure to indicate in your pleading the specific part(s) of the PSR or SOR you believe relevant to your case.


(This form may be replicated via WP)