IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br>JOSE GUADALUPE PALAFOX-BARAJAS,<br><br>Defendant. | ) | CV. NO. 07-00324 DAE-BMK<br>CR. NO. 04-00242 DAE |

ORDER GRANTING MOTION TO DISMISS DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (28 U.S.C. § 2255) FOR UNTIMELINESS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the Government's motion and the supporting and opposing memoranda, the Court GRANTS the Government's Motion.

BACKGROUND

On June 29, 1998, Defendant was charged with importing 10.95 kilograms of methamphetamine from Mexico to the U.S. in the Southern District of California. On July 6, 1998, Defendant pled guilty to the charge of importation of methamphetamine. Defendant was sentenced on January 11, 1999, to 70 months

imprisonment and three years of supervised release. Defendant was deported from the U.S. to Mexico on June 23, 2003.

In January 2004, Defendant was found to be in Hawaii illegally. He had not obtained permission to reenter the U.S. after his deportation. A motion to detain Defendant was filed by the Government on January 28, 2004. On February 11, 2004, Defendant was indicted in the District of Hawaii for reentering the U.S. after deportation. Defendant pled guilty on March 25, 2004. The Court accepted Defendant's guilty plea on April 12, 2004. The Southern District of California took action to revoke Defendant's supervised release on April 27, 2004, for violating the terms of his release by reentering the U.S.

California transferred jurisdiction of the revocation proceedings to the District of Hawaii in July 2006. On March 14, 2006, this Court sentenced Defendant to 10 months in prison for violating his supervised release and 60 months for reentering the U.S. illegally, terms to run concurrently. The Court filed the judgment for the reentry conviction on March 20, 2006, and for the supervised release violation on April 12, 2006.

Defendant filed his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255) on June 12, 2007 ("§ 2255

Motion"). The Government filed a motion to dismiss Defendant's § 2255 Motion on June 18, 2007. Defendant has not filed an opposition to that motion.

STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review is limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965. (2007). However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action. Id. at 1966. Plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. Id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

Because Plaintiff is proceeding pro se, however, the Court has an obligation to construe his complaint (or in this case his § 2255 motion), liberally. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). Additionally, "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

DISCUSSION

Defendant argues that his sentence for violating his supervised release (CR 04-242) was improper and seeks a reduction in the sentence. The Government argues Defendant's § 2255 motion should be dismissed as it was filed after the one-year period of limitation had expired.

Pursuant to 28 U.S.C. § 2255, a prisoner in custody under sentence of a court established by an act of Congress may file a motion to vacate, set aside, or correct a sentence if a specific error was committed by the court. 28 U.S.C. § 2255. A prisoner may file such a motion if the sentence was imposed in violation of the Constitution or laws of the U.S. if the court did not have jurisdiction to impose the sentence, if the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack. Id. There is a one-year time limit within which such motions must be filed. Id.

> The limitation period shall run from the latest of (1) the date on which the conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, the judgment against Defendant was finalized on April 12, 2006 (CR. 04-00242 DAE). Defendant filed his § 2255 motion on June 12, 2007. The filing was clearly made after the deadline had passed. Defendant did not mention the deadline in his motion or give any explanation for filing two months after the one-year deadline had passed.

In some circumstances courts have allowed exceptions to the limitations period for a § 2255 motion based on equitable tolling. The burden of proof is on Defendant to show entitlement to equitable tolling by establishing that he had been pursuing his rights diligently and that there were extraordinary

circumstances that prevented him from filing before the deadline. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances must be outside the control of the prisoner and must be the cause of the missed deadline, such as misconduct of prison officials in not preparing a check for the filing fee. Stillman v. LaMarque, 319 F.3d 1199, 1202-03 (9th Cir. 2003).

In this case, Defendant presented no justification for filing his motion after the deadline had passed and has failed to show that he is entitled to equitable tolling.

In some situations the court will make accommodations for petitioners who file their claims pro se. Missing the filing deadline for a § 2255 motion, however, is not an excusable mistake. The Supreme Court ruled in Johnson v. United States that no exception should be made to the filing deadline for a pro se applicant who filed a § 2255 motion after the deadline. Johnson v United States, 544 U.S. 295, 311 (2005). The court stated it has "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . ." Id. Based on the policy laid out by the Supreme Court, there is no reason to make an exception in this case.

Finally, Defendant did not provide any reason to extend the start of the limitation period beyond the date of his final conviction. He did not claim that government action caused a delay, that the Supreme Court recognized a new right, or that new facts were discovered. Defendant is therefore not entitled to an extension.

Accordingly, Defendant's § 2255 Motion is hereby DISMISSED.

CONCLUSION

For the reasons stated above, the Court GRANTS the Government's motion to dismiss Defendant's § 2255 Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 27, 2007.




David Alan Ezra
United States District Judge

U.S. v. Palafox-Barajas, CV No. 07-00324 DAE-BMK; CR No. 04-00242 DAE; ORDER GRANTING MOTION TO DISMISS DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (28 U.S.C. §2255) FOR UNTIMELINESS.